FILED
COURT OF APPEALS
DIVISION II

2013 JUN -4 AM 8: 59

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43616-7-II |
| Respondent, | |
| v. | |
| JAMES DANIEL EMMETT, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J. — James Daniel Emmett appeals his jury trial conviction for unlawful possession of less than 40 grams of marijuana. He argues that the trial court erred in denying his motion to suppress the marijuana. We affirm.

## FACTS

At about 1:15 a.m. on July 12, 2011, Tacoma Police Officer Chris Bain contacted James Emmett, who was in his vehicle stopped in the middle of the road. Emmett complied with Bain's request to get out of the vehicle. Bain patted Emmett down for weapons and felt something in Emmett's jacket pocket:

> [A]s I was looking for an identification or weapon, I felt a round cylinder, could have been a knife, could have been a . . . homemade gun. Some people make homemade guns out of small cylinders, single shots. We get notices about those all the time in our law enforcement.

Report of Proceedings (Vol. 1) at 25-26.

Bain had never before seen such a homemade gun. He removed the item from Emmett's pocket and found it to be a plastic cylinder. Inside the cylinder Bain found marijuana and a

metal pipe. The State charged Emmett with unlawful possession of less than 40 grams of marijuana.[1]

Emmett moved to suppress the marijuana, arguing that Bain's pat-down search had been unlawful. At the suppression hearing, Bain testified as described above. The trial court denied Emmett's motion to suppress and entered the following pertinent finding and conclusions:

## THE FACTS

. . . .

6. When Officer Bain patted down the defendant, the Officer felt a hard cylindrical object in the defendant's left jacket pocket. Based on the Officer's training and experience he was concerned that the object may be a weapon. The Officer removed the object to find a clear plastic cylinder containing marijuana and [a] cigarette looking pipe.

. . . .

## CONCLUSIONS AS TO ADMISSIBILITY

. . . .

1. The defendant was legally contacted as his vehicle was stopped in the middle of the road. The Officer was acting in his function as a community caretaker when he contacted the defendant. Based on the totality of circumstance, the stop and frisk of the defendant was a valid exception to the warrant requirement.

2. That based on the totality of the circumstance and the Officer's training and experience, he had an objective and rational belief that the hard cylindrical item in the defendant's pocket may be a weapon.

Clerk's Papers at 74, 75.

A jury subsequently found Emmett guilty as charged.[2] Emmett appeals.

---

[1] The State also charged Emmett with two counts of third degree assault, as to which the jury acquitted him.

[2] A commissioner of this court initially considered Emmett's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

ANALYSIS

Emmett argues that the trial court erred in denying his motion to suppress because Officer Bain's removal of the cylinder from Emmett's pocket exceeded the scope of a permissible *Terry*[3] stop. We disagree.

> For a permissible *Terry* stop, the State must show (1) the initial stop is legitimate, (2) a reasonable safety concern exists to justify the protective frisk for weapons, and (3) the scope of the frisk is limited to the protective purposes.

*State v. Garvin*, 166 Wn.2d 242, 250, 207 P.3d 1266 (2009) (citing *State v. Duncan*, 146 Wn.2d 166, 172, 43 P.3d 513 (2002)). Emmett contends that the State failed to meet the third prong of this *Terry* test because substantial evidence does not support the trial court's finding and conclusion that Bain reasonably believed the hard cylindrical item he felt in Emmett's jacket pocket could be a weapon. *Garvin*, 166 Wn.2d at 250. In particular, Emmett notes Bain's testimony that he had never encountered a homemade cylindrical gun like this one.

But based on Bain's training and experience, including having been advised of other officers' encounters with homemade cylindrical guns, we hold that (1) substantial evidence supports the trial court's finding of fact that Bain was concerned that the hard cylindrical object might be a weapon; and (2) this finding supports the trial court's conclusion of law that Bain's concern was objective and rational. Accordingly, we affirm the trial court's denial of Emmett's

---

[3] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

No. 43616-7-II

motion to suppress and his subsequent jury trial conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Johanson, A.C.J.

Bjorgen, J.

4